IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHAWN VANLIER, | § | |
| | § | No. 391, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 9809006423 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: October 10, 2024
Decided: October 25, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) On September 17, 2024, the appellant, Shawn VanLier, filed a notice of appeal from the Superior Court's August 15, 2024 order sentencing him for a violation of probation. Under Supreme Court Rules 6 and 10, a timely notice of appeal was due on or before September 16, 2024. The Senior Court Clerk therefore issued a notice directing VanLier to show cause why this appeal should not be dismissed as untimely filed.

(2) In response to the notice to show cause, VanLier advised the Court that he put the notice of appeal in the prison mail system on September 12, "which

allowed for a 3 day deadline." At the Court's request, the State also responded to the notice to show cause and argued that this appeal must be dismissed because VanLier's untimely filing cannot be attributed to court-related personnel.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Court within the applicable time period to be effective.[2] An appellant's prisoner *pro se* status does not excuse his failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] As the State correctly observes, an untimely appeal cannot be considered unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel.[4] "Correctional officers and other prison personnel are not court-related personnel, and Delaware has not adopted a rule similar to the federal prison mailbox rule, which deems a notice of appeal filed at the time it is delivered to prison authorities for mailing."[5]

(4) VanLier does not claim, and the record does not reflect, that his failure to file a timely notice of appeal from the Superior Court's August 15, 2024 order is attributable to court-related personnel. Consequently, this case does not fall within

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[2] Del. Supr. Ct. R. 10(a).
[3] *See Smith v. State*, 47 A.3d 481-82 (Del. 2012) (dismissing a prisoner's *pro se* appeal, filed one day late, as untimely).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *Evans v. State*, 2024 WL 4002304, at *1 (Del. Aug. 29, 2024) (internal quotation marks and citations omitted).

the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal is DISMISSED under Supreme Court Rule 29(b).

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

3